UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SAMPATH KRISHNAN, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | Civil Action No.: | 00-1009 (RMU) |
| v. | : | | |
| | : | Document No.: | 43 |
| MARY PETERS, | : | | |
| In her official capacity as Secretary of the | : | | |
| Department of Transportation, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

DENYING THE PLAINTIFF'S MOTION FOR ENFORCEMENT OF
AMENDMENT OF STIPULATION OF SETTLEMENT AND DISMISSAL

**I. INTRODUCTION**

This matter is before the court on the Motion for Enforcement of Amendment of Stipulation of Settlement and Dismissal that the plaintiff, a Federal Aviation Administration ("FAA") employee, brought against the defendant, the Secretary of Transportation. After the plaintiff sued the defendant in 2000, the parties reached a settlement agreement in 2001. They then amended that agreement in 2007 to provide for a one-year period during which the defendant would give the plaintiff priority consideration for all positions that fall within a specified employment classification. Because the plaintiff's allegation that the defendant breached the amended settlement agreement is without merit, the court denies the plaintiff's motion.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff brought the above-captioned matter in May 2000, alleging that the defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, by failing to promote him to a GS-15 level position in the FAA.  The parties reached a settlement agreement on November 6, 2001 whereby the defendant promised, among other things, that "should [the plaintiff] apply for a position in the FAA's Airways Facilities Branch in Washington, D.C. [during the one-year period beginning January 1, 2002], he shall receive priority consideration for any such position." Stipulation of Settlement of Dismissal (Nov. 6, 2001) at 2.  Then, on May 17, 2007, the parties agreed to an Amendment of Stipulation of Settlement and Dismissal ("Amendment").  *See* Amendment (May 17, 2007).  The Amendment provided for "an additional one-year period, from May 1, 2007, to April 30, 2008, for plaintiff to receive priority consideration for any permanent GS-15 position that he applies for in the FAA's Air Traffic Organization Technical Operations (ATOW) (which replaced the Airways Facilities Branch) in Washington, D.C." *Id.* at 1.

The parties' dispute over the terms of the Amendment arose as a result of the FAA's dual compensation system.  As explained in an affidavit to the defendant's opposition to the plaintiff's motion, "[i]n April 2000, the FAA converted its non-bargaining employees to the Core Compensation System, with pay bands ranging from A to M (rather than grades 5 through 15)." Defs.' Opp'n, Ex. 3 at 2.  Because the plaintiff was a bargaining unit employee, his grade 14 classification was not converted to the Core Compensation System. *Id.*  The equivalent to an increase of one pay grade under the Core Compensation System would be a K-band position. Pl.'s Mot., Ex. 1 ("Pl.'s Affidavit") at ¶ 13.  Accordingly, the plaintiff sought job openings in

both the GS-15 and K-band classifications. *Id.* ¶¶ 8-11.  During the one-year period specified in the Amendment, there were many more job openings in the K-band classification than in the GS-15 classification. *Id.* ¶¶ 16-17.

From May 1, 2007 until April 30, 2008, the plaintiff applied for several K-band positions, but the defendant did not give him priority consideration for any of them. *Id.* ¶ 17.  At the close of the one-year period specified in the Amendment, the plaintiff moved to enforce the Amendment.  He contends that the defendant is obligated to give him priority consideration for both GS-15 and K-band positions.  The defendant opposed the motion, asserting that the Amendment entitles the plaintiff to priority consideration for GS-15 positions only.  Def.'s Opp'n at 1.  The plaintiff failed to file a reply memorandum.  The court now addresses the parties' arguments in turn.

### III.  ANALYSIS

#### A.  Legal Standard for Settlement Agreements

Settlement agreements are "governed by familiar principles of contract law." *Gaines v. Cont'l Mortgage & Inv. Corp.*, 865 F.2d 375, 378 (D.C. Cir. 1989) (citing *Village of Kaktovik v. Watt*, 689 F.2d 222, 230 (D.C. Cir.1982)).  As a result, the parties are bound by the express terms of the agreement and if those terms are unambiguous, the court may not introduce extrinsic evidence to contradict or modify them. *Id.*  If a term of the agreement is, however, ambiguous, the court may consider extrinsic evidence to interpret that term. *Foretich v. Am. Broad. Cos., Inc.*, 98 F.3d 270, 274-75 (D.C. Cir. 1999).

## B. The Court Denies the Plaintiff's Motion for Enforcement of Amendment of Stipulation of Settlement and Dismissal

The plaintiff contends that "[t]he issue in dispute . . . is what does 'GS-15' mean for the purpose of implementing the Amendment requiring Defendant to give Plaintiff priority consideration." Pl.'s Mot. at 7. In the plaintiff's view, the Amendment entitles him to "priority consideration for promotional opportunities for which he is qualified," including both GS-15 and K-band positions. *Id.* The plaintiff makes several arguments and observations in support of his motion. First, he notes that despite the fact that the parties spent nearly two years negotiating the terms of the Amendment, the defendant "did not mention any limitations in the scope of the jobs under GS-15." Pl.'s Mot. at 8. The plaintiff seems to mistakenly believe that the Core Compensation System supplanted the GS pay grade system, rather than creating a parallel compensation system for non-bargaining employees, *see* Pl.'s Affidavit at ¶ 13 (stating that "it is [the plaintiff's] understanding that new compensation levels were implemented in 2003 . . . which changed the GS-15 grades designation to the 'Band' system"), and he avers that the defendant had the affirmative duty to rectify this misunderstanding by "disclos[ing] any limits on positions included or excluded under GS-15." *Id.*

Second, the plaintiff asserts that "it would have been reasonable and prudent for Defendant to exercise her authority to give [the plaintiff] priority consideration for [K-band] positions," given that the K-band level is the next compensation level to which a GS-14 employee such as the plaintiff can be promoted. *Id.* Finally, the plaintiff notes that the defendant determined that the plaintiff met the qualifications for each of the positions for which he applied and adds that the fact that he "functioned satisfactorily . . . when he was temporarily promoted to

[a K-band position]" demonstrates that he is qualified for positions in the K-band classification. *Id.* Based on these observations, the plaintiff maintains that the defendant's failure to give him priority consideration for K-band positions constitutes a breach of the Amendment. *Id.* at 9.

The defendant retorts that she did not give the plaintiff priority consideration for K-band positions because the Amendment requires her to give the plaintiff priority consideration for GS-15 positions only. Def.'s Opp'n at 1. The defendant also points out that the Amendment contains an integration clause prohibiting any variations from the terms and conditions of the agreement. *Id.* at 6. She concludes that because the Amendment is unambiguous, the court should reject the plaintiff's attempt to modify the terms of the agreement by requiring her to give him priority consideration for K-band positions. *Id.* at 8.

The court's first task is to determine whether the Amendment is ambiguous with respect to the defendant's obligations. *Foretich*, 98 F.3d at 274-75. If the Amendment is ambiguous, then the court may examine extrinsic evidence to determine whether the Amendment entitles the plaintiff to priority consideration for GS-15 positions, or for both GS-15 and K-band positions. *Id.* As an initial matter, the court dismisses out of hand the plaintiff's contention that because he was qualified for the K-band positions for which he applied, it would have been "reasonable and prudent" for the defendant to give him priority consideration for K-band positions. *See* Pl.'s Mot. at 8. The sole question at issue is whether the defendant was contractually required to give the plaintiff priority consideration for K-band positions, not whether it would have been wise to do so. To answer this question, the court examines the text of the parties' agreement.

The Amendment established that between May 1, 2007 and April 30, 2008, the plaintiff would "receive priority consideration for any permanent GS-15 position that he applie[d] for in

the FAA's Air Traffic Organization Technical Operations . . . in Washington, D.C." Amendment at 1.  The court identifies nothing ambiguous about this clause.  Plainly, it entitles the plaintiff to priority consideration for GS-15 positions only; and it follows, therefore, that the plaintiff was not entitled to priority consideration for K-band positions.  *See Stewart v. O'Neill*, 225 F. Supp. 2d 6, 8 (D.D.C. 2002) (holding that "[w]here, as here, the language of a contract is clear and unambiguous, the Court will assume that the terms of the contract carry their ordinary meaning").

Further, the court rejects the plaintiff's assertion that the defendant had an affirmative duty to rectify the plaintiff's apparent misunderstanding about the effect the Core Compensation System – promulgated years before the parties negotiated the Amendment – had on the plaintiff's effort to obtain a position in a higher pay grade.  *Vill. of Kaktovik*, 689 F.2d at 235 n.14 (concluding that "[u]nder elementary principles of contract law, a unilateral mistake of fact does not under these circumstances render an agreement invalid or unenforceable").  In short, the plaintiff's motion is utterly without merit.

### IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's Motion for Enforcement of Amendment of Stipulation of Settlement and Dismissal.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 1st day of December, 2008.

RICARDO M. URBINA
United States District Judge